UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES CERKLESKI,

       Plaintiff,

    v.

JOHN WALL, and
HINTON WALL FAMILY HOLDING
COMPANY, LLC,

       Defendants.

Case No. 25-cv-00299-JPG

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff James Cerkleski and Defendant John Wall (collectively "the Parties")'s Stipulation of Dismissal (Doc. 55), Joint Motion to Vacate Default Judgment (Doc. 59), and Joint Motion to Seal Settlement Agreement (Doc. 61).

In July 2025, the Court entered a default judgment in favor of Cerkleski and against Wall and Hinton Wall Family Holding Company, LLC (Doc. 26). The Parties have since entered into a Settlement Agreement and Release ("the Settlement Agreement") resolving Cerkleski's claims against Wall. They now ask the Court to vacate the default judgment it entered against Wall and dismiss this case without prejudice subject to reinstatement upon default on the Settlement Agreement. The Parties filed the Settlement Agreement with the Court and have requested it be placed under seal.

I.    **ANALYSIS**

    A.  Motion to Vacate Default Judgment:

This Court may set aside a final default judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) relief is an extraordinary remedy that is granted only in exceptional circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005); *McCormick v. City of Chi.*, 230

F.3d 319, 327 (7th Cir. 2000). Here, there are exceptional circumstances that warrant vacatur. The Parties have entered into a Settlement Agreement that resolves Cerkleski's claims against Wall. The Settlement Agreement expressly contemplates vacatur of the default judgment. Prior to the settlement, Wall maintained substantial and non-frivolous arguments challenging the validity of service of process and personal jurisdiction. He maintained that absent settlement, he intended to pursue relief from the judgment under Rule 60(b). The Parties elected to resolve the matter amicably through settlement rather than engage in additional contested litigation. As such, the settlement serves the judicial economy. In addition, the settlement does not harm the public's interest. This case was only on the Court's docket for four months before default judgement was entered, and the Court did not enter any substantial decisions in this case. Accordingly, the Court will vacate the default judgment entered against Wall.

B. Motion to Seal Settlement Agreement:

Court records are presumptively open to the public. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). However, a court may seal records to maintain the confidentiality of trade secrets and other privileged information, including documents that are covered by attorney-client privilege or contain other non-public financial and business information. *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 545 (7th Cir. 2002); *Nixon v. Warner Commc'ns*, Inc., 435 U.S. 589, 598 (1978). The determination of whether good cause exists to file a document under seal rests solely with the Court. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The Court finds that the Parties have shown good cause. The Settlement Agreement contains private financial terms, payment obligations, and other negotiated provisions. Therefore, the Court will allow the Parties to file the Settlement

2

Agreement under seal.

    C.  Stipulation of Dismissal:

A valid stipulation of dismissal is self-effectuating; it "immediate[ly] dismiss[es]," *Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011), and closes the case of its own force, *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1078 (7th Cir. 1987). In this case, the Parties are asking the Court to retain jurisdiction to enforce terms of the Settlement Agreement, so dismissal requires court action. "Courts do not automatically have supplemental jurisdiction over any [settlement] agreement." *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 576 (7th Cir. 2005). Disputes over the settlement agreement are contractual claims and therefore generally require "[their] own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). However, a court *may* choose to retain jurisdiction over a settlement by explicitly incorporating the terms of the settlement in its order of dismissal or judgment, or otherwise reserving authority to enforce it. *See Hill*, 405 F.3d at 576–77; *Kokkonen*, 511 U.S. at 380–82; *Midland States Bank v. Wright's Charters, Inc.*, No. 3:22-cv-00331, 2023 WL 3005867, at *2 (S.D. Ill. Apr. 19, 2023). Applying these principles, the Court will dismiss Cerkleski's claims against Wall and retain jurisdiction over the Settlement Agreement by incorporating its terms into this Order.

## II.    **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Joint Motion to Vacate Default Judgment (Doc. 59), **VACATES** the default judgment entered against Wall (Doc. 26), **GRANTS** the Joint Motion to Seal Settlement Agreement (Doc. 61), and **DIRECTS** the Clerk of Court to place the Settlement Agreement (Doc. 61-1) under seal. It **DISMISSES without prejudice**

3

Cerkleski's claims against Wall and **RETAINS** jurisdiction over the Parties to enforce the

following settlement terms:

- The Parties have entered into a written Settlement Agreement requiring Wall to pay Cerkleski the total sum of $399,880.00, consisting of:
    - An initial payment of $10,000.00;
    - Seventy-two (72) monthly installment payments of $5,415.00 thereafter; and
    - The right to prepay the remaining balance without penalty.

- Wall shall not be in default unless:
    - He fails to make a required payment; or
    - He materially breaches the Settlement Agreement;

  and, in either event, Cerkleski provides written notice of default and Wall fails to cure such default within ten (10) days.

- Upon an uncured default, Cerkleski may move for entry of judgment in this action for the unpaid settlement balance, calculated as $399,880.00 less all payments received. The unpaid balance shall accrue interest at the rate of twelve percent (12%) per annum from the date of default.

- Cerkleski shall stay all collection and enforcement efforts against Wall so long as he remains in compliance with the Settlement Agreement.

- Upon Wall's payment of all amounts required under the Settlement Agreement, the Parties shall file a stipulation dismissing Cerkleski's claims against Wall with prejudice.

- The Court expressly incorporates the foregoing settlement terms into this Order and expressly retains jurisdiction to enforce these terms and resolve any disputes arising from their performance.

- Except as expressly incorporated herein, the remaining terms of the Settlement Agreement are not incorporated into this Order.

It **DIRECTS** the Clerk of Court to close this case.

**IT IS SO ORDERED.**
**DATED**: June 29, 2026

_____
**J. PHIL GILBERT**

4

**United States District Judge**